UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMEGA LINER COMPANY, INC.,<br><br>Movant,<br><br>v.<br><br>NORRIS MCLAUGHLIN, P.A.,<br><br>Respondent. | Civil Action No. 25-1256 (GC) (RLS)<br><br>MEMORANDUM OPINION<br>AND ORDER |

**SINGH, United States Magistrate Judge**.

    **PRESENTLY** before the Court is a Motion by Omega Liner Company, Inc. ("Omega") to Compel Compliance with a Subpoena served on Norris McLaughlin, P.A. ("Norris McLaughlin") (the "Motion"). (Doc. No. 1). Norris McLaughlin opposes the Motion, (Doc. No. 6), to which Omega replied, (Doc. No. 7). The Court has fully considered the parties' written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and for good cause shown, the Court **GRANTS IN PART and DENIES IN PART** Omega's Motion.

1

I.      **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

As the parties are familiar with the background and procedural history of this case, the Court recites only those facts relevant to the present Motion. This matter comes to the Court via Omega's Motion to compel Norris McLaughlin's compliance with a subpoena (the "Subpoena") served in connection with an ongoing litigation in the United States District Court for the District of South Dakota, *Buergofol GmbH v. Omega Liner Company, Inc.*, No. 22-4112 (the "South Dakota Action").

According to Omega, Buergofol GmbH ("Buergofol") brought the South Dakota Action against Omega alleging infringement of two patents, including U.S. Patent No. 8,794,269 (the "'269 Patent"), which Buergofol acquired from Lorapex, the successor in interest to Huhtamaki Films Germany GmbH ("Huhtamaki"). (Doc. No. 1-1 at p. 2). William Gerstenzang, an attorney with Norris McLaughlin, prosecuted the '269 Patent from 2012 through 2014 on behalf of Huhtamaki. (Doc. No. 1-1 at pp. 2-3). In the South Dakota Action, Omega asserts a counterclaim against Buergofol claiming that the '269 Patent is invalid because Gerstenzang engaged in inequitable conduct associated with the prosecution of the '269 Patent. (*Buergofol GmbH v. Omega Liner Company, Inc.*, No. 22-4112, Doc. No. 429 at p. 26).[1] Specifically, Omega claims the '269 Patent is invalid because Gerstenzang failed to disclose a Russian patent as prior art and

---

[1] Omega seemingly intended to append the United States District Court for the District of South Dakota's opinion and order regarding Buergofol's motion to dismiss and Omega's motion to amend ("D.S.D. Opinion") as Exhibit B to the Declaration of Monte Bond. (*See* Doc. No. 1-2 at ¶ 3). Exhibit B to that declaration is actually a screenshot of a notice of electronic filing of a text order the Court entered nearly a year before the Court issued the D.S.D. Opinion. Nevertheless, the Court may take judicial notice of the D.S.D. Opinion because it appears on a public docket in another matter. *See* Fed. R. Evid. 201; *see also Roche v. Aetna, Inc.*, No. 22-607, 2023 WL 3173394, at *4 (D.N.J. May 1, 2023).

the failure to do is material to the patentability of Claim 1 of the '269 Patent. (D.S.D. Opinion at pp. 26-27).

On April 27, 2023, Omega served the Subpoena on Norris McLaughlin seeking production of documents relevant to the two patents at issue in the South Dakota Action, including the '269 Patent, by no later than May 25, 2023 in Greenwich, Connecticut. (Doc. No. 1-2, Exhibit A). On May 9, 2023, Robert Mahoney, an attorney with Norris McLaughlin, contacted Meghann Joyce, an attorney for Omega, via email to discuss the Subpoena. (Doc. No. 1-2, Exhibit D). Mahoney indicated that Norris McLaughlin may not be able to meet the May 25, 2023 deadline because its file concerning the '269 Patent was nearly ten years old and Gerstenzang had retired. (Doc. No. 1-2, Exhibit D). Although he did not formally object to the Subpoena, Mahoney expressed some concern that the categories of documents sought were overbroad and requested that Joyce narrow the requests by identifying anything in particular Omega sought. (Doc. No. 1-2, Exhibit D). After receiving no response, Mahoney followed up on May 16, 2023. (Doc. No. 1-2, Exhibit D). The same day, Michael Neustel, also representing Omega, responded by requesting that Mahoney confirm that Norris McLaughlin is still in possession of the file and advise what responsive information had been located. (Doc. No. 1-2, Exhibit D). On May 17, 2023, Mahoney responded that Norris McLaughin had located its file for the '269 Patent but indicated that the firm would likely not be able to locate any other responsive documents. (Doc. No. 1-2, Exhibit D). Neustel then inquired whether Norris McLaughlin located any communications with Buergofol or its attorneys, and Mahoney responded that the firm had not. (Doc. No. 1-2, Exhibit D).

On May 31, 2023, Monte Bond, another attorney for Omega, noted that Norris McLaughlin did not object to the Subpoena and inquired when Omega could expect a copy of Norris McLaughlin's '269 Patent file. (Doc. No. 1-2, Exhibit D). Bond also offered to reimburse Norris

McLaughlin for the reasonable costs of copying the file. (Doc. No. 1-2, Exhibit D). After receiving no response, Bond again reached out on July 31, 2023 to arrange a time for production of the patent prosecution file. (Doc. No. 1-2, Exhibit D). The same day, Bruce Londa, an attorney with Norris McLaughlin, indicated that he was in possession of the patent file and inquired whether Omega sought anything other than what was available on the United States Patent and Trademark Office (the "USPTO") website. (Doc. No. 1-2, Exhibit E). Londa also relayed that the application was filed on behalf of Huhtamaki, and that Norris McLaughlin's only correspondence was with that entity's counsel. (Doc. No. 1-2, Exhibit E). On August 3, 2023, Bond responded that Omega sought production of the entire file, including communications with Huhtamaki's attorneys. (Doc. No. 1-2, Exhibit E).

On August 14, 2023, Londa responded that the only materials in Norris McLaughlin's file that were not available on a public website were communications between Norris McLaughlin and Huhtamaki's attorneys, including some emails regarding filing of a prior art. (Doc. No. 1-2, Exhibit E). Londa asserted that those communications are privileged and that he would need a waiver from Lorapex before producing same. (Doc. No. 1-2, Exhibit E). On August 28, 2023, Bond responded by asserting that any claim of privilege was not timely made and therefore waived, and that in any event the information sought is not subject to a claim of privilege. (Doc. No. 1-2, Exhibit E). After receiving no response, Bond followed up on August 30, 2023 requesting a call to discuss further. (Doc. No. 1-2, Exhibit E). Norris McLaughlin did not respond. (Doc. No. 1-2, Exhibit E).

On September 8, 2023, Bond contacted Norris McLaughlin regarding Omega's document demands to Lorapex, seemingly assuming that Norris McLaughlin represented that entity. (*See* Doc. No. 1-2, Exhibit F). Mahoney responded that Norris McLaughlin does not represent Lorapex

4

in connection with the Subpoena and that Lorapex would maintain its claim of privilege. (Doc. No. 1-2, Exhibit F). Bond replied, requesting the name of counsel for Lorapex and confirmation that Norris McLaughlin would represent itself in connection with the Subpoena. (Doc. No. 1-2, Exhibit F). Norris McLaughlin did not respond to that email. (*See* Doc. No. 1-2, Exhibit F).

The dispute regarding the Subpoena was not raised again until January 2025,[2] when Buergofol filed a motion for summary judgment in the South Dakota Action. (Doc. No. 1-2, Exhibit C). Buergofol specifically sought summary judgment dismissing Omega's counterclaim alleging the '269 Patent is invalid due to Gerstenzang's alleged prosecutorial misconduct. (*See generally* Doc. No. 1-2, Exhibit C). Shortly after Buergofol filed its motion, Bond reached out to Londa to recount the prior dispute regarding the Subpoena and to again request that Norris McLaughlin produce all responsive documents. (Doc. No. 1-2, Exhibit E). Norris McLaughlin did not respond. (*See* Doc. No. 1-2, Exhibit E).

Omega moved to compel Norris McLaughlin's compliance with the Subpoena in this Court on February 14, 2025. (Doc. No. 1). Omega contends that the Subpoena seeks documents that are highly relevant to the South Dakota Action and that Norris McLaughlin waived any objections, including claims of attorney-client privilege, by failing to timely assert those objections. (*See* Doc. No. 1-1 at pp. 11-14). Omega further argues that, to the extent not waived, the attorney-client privilege is inapplicable here pursuant to the crime-fraud exception. (Doc. No. 1-1 at pp. 14-16). In response, Norris McLaughlin argues that Lorapex—the holder of the privilege—timely asserted an objection on the basis of attorney-client privilege, and that Omega failed to set forth any evidence in support of the crime-fraud exception. (*See generally* Doc. No. 6).

---

[2]  It is not clear from the record why Omega did not file a motion to compel shortly after the communications between counsel broke down.

5

In reply, Omega contends that it is not relevant whether Lorapex or Norris McLaughlin holds the privilege because Norris McLaughlin failed to comply with Federal Rule of Civil Procedure 45 to timely object to the Subpoena and to produce a privilege log. (*See generally* Doc. No. 7). It further points out that Norris McLaughlin does not dispute the relevancy of the sought-after documents, and, even if a privilege applied, the crime-fraud exception should apply. (*See generally* Doc. No. 7).

## II.     LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, the Court may compel a non-party to produce documents or permit an inspection of records. *See* Fed. R. Civ. P. 34(c), 37(a), 45(d), and 45(e). A motion to compel discovery sought through a subpoena on a non-party "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Civ. P. 45(d)(2)(B) ("[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection."). The movant must show that the sought-after discovery is relevant and, if it does, then "the resisting non-party must explain why discovery should not be permitted." *Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732, at *1 (D.N.J. Aug. 28, 2014) (citations and internal quotation marks omitted).

The scope of discovery as defined by Rule 26 similarly applies to discovery sought via a Rule 45 subpoena on a non-party. *See in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021). Nevertheless, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess v. Galloway*, No. 20-6744, 2021 WL 2661290, at *3 (D.N.J. Nov. 19, 2024) (citing *Chazanow v. Sussex Bank*, No. 11-1094, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014)). A district court "has broad discretion regarding the enforcement of subpoenas."

6

*Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted).

### III.   DISCUSSION

As an initial matter, this Court is the proper jurisdiction for resolution of the instant dispute. The Subpoena seeks documents that appear to exist within this District and can be produced electronically from within this District. As such, this is the court for the district where compliance is required. *See* Fed. R. Civ. P. 37(a)(2), 45(d)(2)(B), 45(g).

Turning to the merits of the Motion, the parties do not largely contest whether the sought-after documents are relevant to the South Dakota Action. *See Biotechnology Value Fund*, 2014 WL 4272732, at *1. Omega contends that they are directly relevant to its invalidity argument on the basis of prosecutorial misconduct and inequitable conduct. (Doc. No. 1-1 at pp. 10-11), and Norris McLaughlin does not meaningfully challenge that premise, (*see generally* Doc. No. 6). Indeed, Gerstenzang's prosecution of the '269 Patent is directly at issue in the South Dakota Action. (*See* D.S.D. Opinion at pp. 35-36). Any documents in Norris McLaughlin's possession relating to Gerstenzang's prosecution of the '269 Patent are therefore relevant to the underlying South Dakota Action.

Because the documents Omega seeks are relevant, the Court next considers Norris McLaughlin's objection to the production of some of the documents on the basis of privilege. Omega contends that Norris McLaughlin and Lorapex waived the attorney-client privilege by failing to timely assert such an objection. (*See* Doc. No. 1-1 at pp. 11-14). In response, Norris McLaughlin contends that Lorapex—the holder of the privilege and the only entity able to waive it—asserted its privilege objection in accordance with Rule 45 of the Federal Rules of Civil Procedure. (*See* Doc. No. 6 at pp. 2-5).

A party served with a subpoena may serve written objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The failure to serve timely objections to a subpoena may constitute a waiver of any such objections. *See Petroleum Mktg. Grp., Inc. v. Universal Prop. Servs., Inc.*, No. 22-2410, 2023 WL 5985300, at *2 (D.N.J. Mar. 30, 2023) (citing *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426-27 (D.N.J. 2004)). The Court exercises "broad discretion" whether to find a waiver of an objection. *See id.* at *2.

Here, Omega served the Subpoena—which requested production by no later than May 23, 2023—on April 27, 2023 on Norris McLaughlin. (Doc. No. 1-2, Exhibit A). Pursuant to Rule 45(d)(2)(B), the deadline for Norris McLaughlin to object to the Subpoena was May 11, 2025, fourteen days after service. *See* Fed. R. Civ. P. 45(d)(2)(B). While Mahoney contacted Omega's counsel on May 9, 2023 and expressed some concerns about the breadth of the Subpoena, he did not interpose any formal written objections to same. (Doc. No. 1-2, Exhibit D). Nevertheless, Mahoney did begin a dialogue with Omega's counsel regarding the scope of the Subpoena. (*See* Doc. No. 1-2, Exhibit D). Counsel for Omega specified that it sought communications with Buergofol or its attorneys, and Mahoney advised there were none. (Doc. No. 1-2, Exhibit D). Londa later clarified that Norris McLaughlin did possess communications with counsel for Huhtamaki, the entity on whose behalf Gerstenzang filed the patent application. (Doc. No. 1-2, Exhibit F). It was only after Omega stated that it sought production of those communications that Norris McLaughlin asserted an attorney-client privilege objection on Lorapex. (Doc. No. 1-2, Exhibit F).

Norris McLaughlin should have asserted its objections prior to the May 11, 2023 deadline. *See* Fed. R. Civ. P. 45(d)(2)(B). Within that time period, Mahoney raised issues regarding the

8

scope of the Subpoena and requested further clarification as to what was sought. It appears that, once Norris McLaughlin received the Subpoena, Norris McLaughlin promptly sought Lorapex's position. Because Norris McLaughlin asserted the privilege immediately after Omega affirmatively stated it sought certain attorney communications and Lorapex specifically instructed Norris McLaughlin to maintain that attorney-client privilege, the Court will not find that Lorapex or Norris McLaughlin waived same. *See Petroleum Mktg. Grp.*, 2023 WL 5985300, at *3 (declining to find waiver of objections where doing so "could lead to an inequitable result"). Indeed, the Subpoena was not served on the privilege holder, Lorapex, but on Norris McLaughlin, making an untimely objection on the basis of privilege to be substantially justified, particularly where Omega and Norris McLaughlin continued to clarify what were the sought-after documents. Because this Court affords a non-party greater protection from discovery than a party, in this context, a finding of a waiver of the attorney-client privilege would have harsh effects here. *See id.* at *2.

Finding that the privilege objection was not waived, the Court considers the merits of Norris McLaughlin's objection. "The attorney-client privilege applies to communications by a client, made in confidence, for the purpose of seeking legal advice from an attorney who is acting in his or her capacity as an attorney." *Hinsinger v. Conifer Ins. Co.*, No. 20-14753, 2024 WL 866529, at *7 (D.N.J. Feb. 29, 2024) (citing *in re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979)). A party asserting the privilege must "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). A party may not broadly assert that the privilege applies to all documents sought via subpoena; rather, the party must instead provide a privilege log or

9

other description which would enable the Court to evaluate the privilege claim. *See Hinsinger*, 2024 WL 866529, at *8.

Here, Norris McLaughlin has not produced any privilege log. Rather, it generally asserts that its '269 Patent file contained "routine correspondence" with an attorney, which it, and Lorapex, consider to be "protected by the attorney-client privilege." (Doc. No. 1-2, Exhibit E). Subject to that broad objection, Norris McLaughlin states it is "prepared to produce the portions of [its] file over which Lorapex has not asserted the privilege." (*See* Doc. No. 1-2, Exhibit F). In the absence of a privilege log, on this record, the Court cannot fully evaluate Norris McLaughlin's assertions of privilege on behalf of Lorapex.[3] Because Norris McLaughlin has agreed to produce a portion of the patent file, the better course is to permit Norris McLaughlin and/or Lorapex to provide additional detail through a privilege log for the parties and, if necessary, the Court to evaluate whether the attorney-client privilege and any exceptions thereto apply.

Accordingly, the Court grants in part Omega's Motion to Compel Norris McLaughlin to respond to the Subpoena with a production of the '269 Patent file for which Lorapex does not assert a privilege and denies in part the Motion to the extent it seeks the production of the entire file. With the production of the uncontested materials, Norris McLaughlin shall also produce a privilege log for those documents being withheld.

### IV.   CONCLUSION

For the foregoing reasons, and for other good cause shown,

**IT IS, THEREFORE**, on this **15th** day of **September 2025**,

**ORDERED** that Omega's Motion (Doc. No. 1) is hereby **GRANTED IN PART and**

---

[3] Because the Court cannot fully evaluate Norris McLaughlin's privilege claims, the Court will not address whether the crime-fraud exception applies here.

10

**DENIED IN PART**; and it is further

**ORDERED** that, within fourteen (14) days of this Memorandum Opinion and Order, Norris McLaughlin shall produce the '269 Patent file to Omega, along with a privilege log for any withheld documents. Upon receipt of the production, the parties shall meet and confer as to whether there are any disputes regarding the assertion of a privilege; and it is further

**ORDERED** that the parties shall electronically file a joint letter to the Court advising whether there are unresolved disputes as to Norris McLaughlin's claim of privilege by no later than **October 15, 2025**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 1.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**